**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JOSEPH SANTIAGO, # 10325-089,    )
          )
        **Plaintiff,**    )
          )
    **vs.**        )     **Case No. 16-cv-1063-MJR**
          )
USA,          )
          )
        **Defendant.**    )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is a federal inmate currently incarcerated at the FCI-Greenville.  In this *pro se* action, he seeks relief under the Federal Tort Claims Act for the medical negligence/malpractice of several prison medical providers, who failed to diagnose or properly treat his fractured left ankle.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall be given an opportunity to comply with the Illinois state law requirements for medical malpractice actions, if he wishes to further pursue the dismissed claim.

## The Complaint

On June 4, 2011, Plaintiff injured his left leg and ankle while playing softball. He sought treatment at Greenville's Health Services Department. His left ankle was extremely swollen and painful. Nurse Thomason wrapped the ankle and instructed Plaintiff to return to sick call the following day. (Doc. 1, p. 1).

An x-ray was performed, which was reported on June 6, 2011, to show no fracture. Plaintiff was issued crutches but was denied a wheelchair. (Doc. 1, p. 2).

On July 15, Plaintiff sought treatment for extreme pain and swelling.  PA Adesanya gave him Motrin and requested an MRI of the ankle.

On July 21, 2011, Plaintiff returned to health services with severe pain.  He then learned that the June 6, 2011, x-ray report should have been interpreted as "positive" for a fracture.  The failure to properly treat the broken ankle for over four weeks subjected Plaintiff to extreme pain.

Much later, on January 4, 2012, Plaintiff continued to have extreme pain in his injured ankle.  An orthopedist (Dr. Sola) recommended an MRI.  The Complaint does not disclose whether that test was performed.  (Doc. 1, p. 2).

Several months later, on June 13, 2012, Plaintiff again sought treatment from the prison health services for pain and soreness in the left ankle.  He states that Greenville Hospital had suggested he receive physical therapy, but only two sessions were provided before health services terminated the therapy.

Plaintiff's problems have continued through the date he filed the Complaint.  On an April 19, 2013, visit to health services, he learned that he had torn ligaments as well as the fracture of the ankle.  (Doc. 1, p. 3).  On July 24, 2015, Plaintiff again reported to health services with severe pain.  As a result, PA Schneider suggested more physical therapy.  However, no physical therapy was ever ordered.  Plaintiff continues to experience pain and swelling in the injured ankle.  *Id*.

Plaintiff asserts that these events demonstrate a breach in the duty of care owed to him by Greenville health services staff.  They delayed proper diagnosis and treatment, failed to properly treat his injury, and caused him unnecessary pain and suffering.  Further, he claims to have developed permanent post-traumatic arthritis of his ankle and/or leg, as a result of the medical negligence.  (Doc. 1, p. 3).

Plaintiff states that he has exhausted all administrative remedies.  He seeks compensatory damages.  (Doc. 1, pp. 4-5).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to describe the *pro se* action in a single count.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of this count does not constitute an opinion as to its merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Medical negligence and malpractice claims against the United States of America under the Federal Tort Claims Act, for the actions of its employees at the FCI-Greenville, Illinois, who failed to diagnose or properly treat Plaintiff's fractured ankle and torn ligaments, causing him long-term pain and other complications.

Count 1 shall be dismissed without prejudice, but may be reinstated if Plaintiff timely files the required affidavit and certificate(s) of merit pursuant to Illinois law.

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence occurred.  *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978).   Therefore, Illinois state law applies to Plaintiff's medical negligence/malpractice claim arising from the events described in the Complaint.

Where a plaintiff sues the United States for the medical negligence or malpractice of its employees in Illinois, the applicable Illinois statute requires the plaintiff to file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a

written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1]  This is a substantive requirement of Illinois law.  *See Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied,* 135 S. Ct. 1419 (2015); *Murphy v. United States*, Case No. 08-cv-745-JPG-DGW, 2010 WL 3310258 (S.D. Ill. Aug. 19, 2010) (FTCA context).  Failure to file the required certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.

In this case, Plaintiff has not filed the affidavit and report(s) that are required under Illinois law.  Therefore, the Court must dismiss the FTCA claim in **Count 1** against the United States.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit/certificates.  Should Plaintiff fail to timely file the required affidavit/certificates, this action shall be dismissed, and the dismissal may be **with**

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

**prejudice**.  *See* FED. R. CIV. P. 41(b).

<u>**Disposition**</u>

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, due to lack of compliance with 735 ILL. COMP. STAT. §5/2-622.

**IT IS FURTHER ORDERED** that Plaintiff shall file the required affidavit(s) pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (**on or before March 3, 2017**).  Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavits or reports, this action shall be dismissed, and Plaintiff may be assessed a "strike" under the provisions of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 27, 2017**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court

6