IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH SANTIAGO, # 10325-089,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 16-cv-1063-MJR |
| | ) |
| **USA,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. On January 27, 2017, the single medical malpractice claim in this action, brought pursuant to the Federal Tort Claims Act, was dismissed without prejudice. (Doc. 7). The Court dismissed Plaintiff's claim under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, because he had failed to submit the required affidavit and certificates of merit required by Illinois law. Plaintiff was given 35 days to file these documents if he wished to further pursue his claim.

Plaintiff was warned that if he failed to submit the affidavit or certificates of merit, this case would be dismissed with prejudice, and the dismissal could count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's March 3, 2017, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute, and failure to comply with an order of the Court.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute, and failure to comply with a Court order. FED. R. CIV. P. 41(b); *see generally*

1

*James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the Court found that Plaintiff's complaint, absent the required affidavit and certificate of merit, failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, as previously ordered in Doc. 6.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline

cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 13, 2017**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
